369 A.2d 335

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert Gene LANE, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 1976.

Decided Nov. 22, 1976.

John J. Robinson, Upper Darby, for appellant.

Marc Rickles, Cornwells Heights, and Stephen B. Harris, Warrington, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

**VAN der VOORT, Judge:**

Appeal is taken to our Court from judgment of sentence rendered following jury trial and adjudication of guilt on charges of simple assault and conspiracy.[1] The charge against appellant and two co-defendants stemmed from an incident of violence in which the three participated while they were maintaining a picket line and attempting to hinder ingress and egress at the Fairless plant of U.S. Steel. The three individuals inflicted bodily injury upon a truck driver leaving the plant grounds. At the commencement of trial on April 3, 1975, the co-defendant named Archer stated his desire to plead guilty, and he was immediately severed from the trial, which proceeded with appellant and the other co-defendant named Headrich.[2] Post-trial motions were made on behalf of appellant only, and were denied.

Appellant first raises an allegation of error in that the lower court should have dismissed the charges against him because of a violation of Pennsylvania Rule of Criminal Procedure 1100. The complaint having been filed on February 5, 1974, Rule 1100(a)(1) mandates that trial "shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed." The operative date for trial thus becomes no later than November 4, 1974.

An understanding of all occurrences prior to this date is important. Preliminary arraignment was held on February 5, 1974, and preliminary hearing, on March 18, 1974, before a Bucks County District Justice. The Grand Jury approved bills of indictment on June 25, 1974.

On September 11, 1974, all parties appeared before Presiding Judge Monroe, prepared for trial. The Com-

1. Violations of the "Crimes Code", Act of 1972, December 6, P.L. 1482, No. 334, 18 Pa.C.S. §§ 2701 and 903 respectively.

2. Charges against Archer were nol prossed on April 3, 1975.

monwealth stated that it had seven witnesses present and was ready to begin; however, counsel for appellant asked for a continuance because he was involved in litigation in Montgomery County, and counsel for Archer also asked for a continuance, joined by counsel for appellant, until such time as record counsel for Headrich (one, Robert Burke, Esq.) should be present or alternate counsel appointed. Judge Monroe refused continuances, stated that the court would move next to the suppression motion pending, and said that "if the suppression hearing is disposed of, then the trial can start tomorrow." Again on September 11, 1974, the parties appeared before Presiding Judge Monroe, this time with Headrich's newly-appointed counsel's (one, Eugene Kestenbaum, Esq., Assistant Public Defender) request for continuance. To this counsel for appellant raised no objection when asked if he had such, and even uttered his own request for a continuance, but the Commonwealth did object because of the presence of witnesses and the continuingly-stated pendency of trial. The request was refused.

On September 12, 1974, Archer's suppression motion, joined in by the co-defendants, was the subject of a hearing. Relief was denied and exceptions noted by hearing Judge Ludwig. The Commonwealth "assume[d] we are going to pick a jury now?" However, while the parties were still before Judge Ludwig, yet another attorney for Headrich, one, John A. VanLuvanee, Esq., approached the bench with a request for continuance because of unfamiliarity with the case. The case was continued until September 30, 1974.

The matter came before Judge Garb for trial on September 30, 1974. A collateral motion was denied, and a stipulation was entered whereby all witnesses would be sequestered and any objection by one counsel would be deemed as on behalf of all co-defendants. It appeared that voir dire would occur the following day.

However, on October 1, 1974, before Judge Garb, the Commonwealth requested a continuance due to illness of the trial Assistant District Attorney. Such was granted until October 29, 1974. Counsel for each co-defendant stated that he did not waive the running of the 270-day period aforementioned.

On the trial list for October 29, 1974, before Judge Ludwig, the parties appeared and heard the Commonwealth's second request for continuance, this time due to illness of an essential witness. All defense counsel objected because the 270-day period would expire the following Monday. Discussion was had as to whether this request for continuance was to be considered a request to extend the time for trial, pursuant to Rule 1100. With Judge Ludwig pointing out that he was "not ruling in any way upon the question of the application of Rule 1100" to the present circumstance, and with a statement that a continuance "is without prejudice to the defendants taking a position that the matter, for whatever reason they desire to argue, it will have been unreasonably delayed", a continuance was granted. All counsel for co-defendants objected to the continuance.

On October 30, 1974, the Commonwealth filed a petition to extend time for commencement of trial, pursuant to Pa.R.Crim.P. 1100(c). Therein it gave a short factual dissertation, as above, and alleged that the case could not be scheduled for trial despite its due diligence. A rule was granted on October 31, 1974, returnable within seven days after its service, whereby defendants were ordered to appear and show cause why the period for commencement of trial should not be extended. The record is silent as to why hearing was not so held.

The case again came on for trial on January 22, 1975, all parties except Archer being present before Judge Mountenay. At the commencement thereof, it was pointed out to the court that the matter of the Commonwealth's petition for extension of time remained out-

standing. All counsel stated that they were prepared first to argue the Rule 1100 question, but to do so at such later time as when Archer might be present to testify. The hearing ended on a note of accord among all counsel and parties present—that the matter would be continued for Rule 1100 argument when Archer would be present, that trial would commence in the next term of court and the running of the 270 day time period would be frozen as of January 22, 1975, for purposes of any later Rule 1100 argument.

Also on January 22, 1975, appellant moved to have the charges dismissed, pursuant to Pa.R.Crim.P. 1100(f). Therein, inter alia, appellant alleged "that since October 31, 1974, the Commonwealth has taken no steps to schedule a hearing on their petition to extend time for trial despite the fact that an excess of 75 days has elapsed since the granting of the aforementioned rule." On January 24, 1975, a rule was entered upon the Commonwealth to show cause why the charges against appellant should not be dismissed.

Hearing was held on both the above matters on February 6, 1975. The Commonwealth expressed the position that Rule 1100 had been satisfied when it was ready for trial on September 12, 1974, and suppression hearing was held. It argued that "trial had commenced" then and therefore within 270 days. It supports this argument by pointing out that it was ready for trial again on September 30, 1974.[3] And so it argues in the present appeal. Counsel for co-defendants argued that trial had not commenced within the required period, and cited the filing of the Commonwealth's petition for extension as an admission by prosecution that trial had not so com-

3. We disagree with the Commonwealth's contention and hold that, even though this case was scheduled for trial many times, it was not called to trial, within the meaning of Rule 1100(b) until April 3, 1975. Prior thereto it is obvious that preliminary matters and continuances prevented actual commencement of trial.

152

menced. So appellant argues before us. The following Order was entered:[4]

AND NOW, to wit, February 24, 1975, the Commonwealth's petition for an extension of time within which to commence the trial of the within case is allowed and the rule granted thereon is made absolute, and the Commonwealth is granted, nunc pro tunc as of November 4, 1974, an extension of time within which to commence the trial of the case until April 4, 1975, and the trial of the case shall commence on or before said date; the petition of the defendants to dismiss the charges against them for failure of the Commonwealth to commence trial within 270 days as prescribed by Pa.R. Crim.P. 1100 is dismissed, and the rule granted thereon is discharged; the motions of the defendants to dismiss the charges against them upon the ground that they have been deprived of their constitutional right to speedy trials are dismissed.

By the Court, /s/ Lawrence Monroe, P. J.

 Reaching now the merits of appellant's first argument, we note that Pa.R.Crim.P. 1100(c) provides:

(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such applica-

4. We note that it is not desirable, indeed, not necessary, to relate the extension, if granted, back to the time at which the period of Rule 1100 expired.

tion shall specify the date or period within which trial shall be commenced.

Although we are baffled as to why the Commonwealth in its brief to us has described its action in filing a petition for extension of time as having been taken "out of the abundance of caution", the critical fact is that such petition was filed. This occurred, as mandated by the Rule, "prior to the expiration of the period for commencement of trial." The second requirement stated by the Rule is that "the defendant shall also have the right to be heard thereon." This occurred on February 6, 1975. The period of time which elapsed between this hearing date and the filing of the Commonwealth's petition is not prejudicial to appellant. The hearing was during the term of court immediately following the term during which the petition was presented. The Rule does not specify when such hearing shall occur, and we therefore rely upon general principles of speedy trial and hold that the hearing during the immediately subsequent term of court is proper. It is the further requirement that "trial cannot be commenced within the prescribed period"; this was alleged in the Commonwealth's petition and was recognized by the hearing judge, there being an impossibility of scheduling trial following October 30 (date of filing of the petition to extend) and before November 5 (date when the 270-day period had run). The aforestated requirement regarding the inability of trial to commence is specifically conditioned upon "due diligence by the Commonwealth", which must be shown by the Commonwealth. The above, very lengthy statement of what transpired during the period in question was related by the Commonwealth, supported by transcripts of each matter. It is quite obvious to us and we hold that the Commonwealth was diligent, having been ready upon numerous occasions to proceed to trial but having been faced with continuances either asked by one or more co-defendants and joined by all of them or asked for later by the Com-

monwealth because of the unavailability of the attorney for the Commonwealth or of a witness. Nothing in the Rule prohibits the hearing court from deciding the diligence question and finding that trial could not have commenced within the prescribed period before said period had expired; indeed the Commonwealth is allowed to file "at any time prior to the expiration of the period", and necessary implication causes us to hold that the hearing on a petition for extension may often be held after the period has run. The final requirement, that the order "shall specify the date or period within which trial shall be commenced" was met. Trial during the next term is clearly within a reasonable time.[5] The lower court did not err in denying appellant's petition to dismiss the charges and in granting the Commonwealth's request for extension of time.[6]

Secondly appellant argues that the lower court erred in admitting testimony of one Melvin Good who, on behalf of the Commonwealth, stated that he was a truck driver on the day in question, leaving the plant ahead of the instant victim, and that while he was in his truck heard over his citizens band (C.B.) radio these transmissions:

'Here comes the son-of-a-bitch; we'll get him now.'

'Your buddy is lying on the side of the road with blood running out of his mouth—he had a heart attack.'

5. Additionally we note that all parties agreed that trial could begin in the term immediately following that during which the Rule 1100 matter was heard.

6. The dissent would now base its decision in this case on *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976) and *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). The trial court and the Commonwealth did not have the guidance of these decisions and we regard it as inappropriate to hold that procedural requirements established in these later cases should be applied to the instant earlier one. Notwithstanding the fact that neither the court, the Commonwealth nor the appellant had the benefit of these current decisions, we find no arbitrary delay nor lack of due diligence on the part of the court or the prosecution in bringing the instant case to trial in the circumstances.

Appellant argues that Good could not state that the speaker had been any of the co-defendants, appellant included, and that therefore his testimony should have been excluded. During his testimony Good said repeatedly that he could not identify the speaker, although he did say that the same voice had spoken both of the above quotations. In the Commonwealth's offer of proof as to Good's testimony, it was stated that it was being offered only to corroborate prior testimony of one Francis Harris, a security agent-employee, as to the existence of the transmissions. Harris heard the C.B. transmissions concurrently, and at trial stated that he had heard on many prior occasions C.B. transmissions from the co-defendants and that at the event in question he knew that the voice belonged to one of them. Good, however, never testified as to whose voice it was which he had heard; he only testified that he too had heard the described transmissions. There is no error and appellant's argument is without merit. *Commonwealth v. Sullivan,* 436 Pa. 450, 263 A.2d 734 (1970).

Appellant also raises a question as to whether acceptance of the testimony of Harris was error. Identification of a voice is proper upon the witness' recognition of the voice. *Commonwealth v. Reid,* 448 Pa. 288, 292 A.2d 297 (1972).

Judgment of sentence affirmed.

PRICE, J., files a dissenting opinion in which HOFFMAN and SPAETH, JJ., join.

PRICE, Judge (dissenting) :

I respectfully dissent. In *Commonwealth v. Ray,* 240 Pa.Super. 33, 36, 360 A.2d 925 (1976), we pronounced that:

"the lower court should make every effort to dispose of the Commonwealth's petition [for an extension] prior to the expiration of the prescribed period. Any

delay past this period must be limited, and will possibly be subject to explanation. Such procedure is mandated by the necessity that all concerned be aware of the status of the case. To require otherwise is unfair to the court, the accused, and the people."

Here, the instant record reveals that the hearing on the Commonwealth's petition for an extension of time was not held until February 6, 1975, or 99 days after the petition was filed and 94 days after the expiration of the allowable 270 day period for commencement of trial. Furthermore, the Commonwealth's petition was not finally determined until February 24, 1975, or 117 days after the petition was filed and 112 days after the expiration of the prescribed period. The Commonwealth offers no explanation as to why the extension petition was not acted upon promptly. Certainly, in light of our instructions in *Ray,* the great delay between the filing of the Commonwealth's petition and the hearing on that petition, and its ultimate disposition, cannot be classified as reasonable. The majority, however, excused this delay by stating that a "hearing during the immediately subsequent term of court is proper." I cannot agree with this rationale. A hearing on a petition for an extension of time must be conducted with reasonable promptness, regardless of whether there is, or is not, a scheduled term of court. To hold otherwise would be to ignore the underlying purpose of Rule 1100 and to reject the recent instructions of our Supreme Court concerning Rule 1100. In *Commonwealth v. Mayfield,* 469 Pa. 214, 221, 364 A.2d 1345 (1976), the Pennsylvania Supreme Court declared that trial courts, as well as counsel for the defense and the prosecution, must ". . . exercise due diligence in implementing the objectives of rule 1100." The court further explained in *Mayfield, supra* at 222, 364 A.2d at 1349, that the exercise of due diligence requires compliance with "the highest standards of professional responsibility." Certainly, the period of delay present herein

negates any claim of due diligence by either the prosecution or the trial court. Since the prescribed time for commencement of trial has passed, I would reverse the judgment of sentence and order the appellant discharged.

HOFFMAN and SPAETH, JJ., join in this dissenting opinion.