380 A.2d 436

**COMMONWEALTH of Pennsylvania**

v.

**Edward BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Dec. 2, 1977.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

On September 4, 1975, the lower court, sitting without a jury, adjudicated the appellant guilty of robbery [1] and criminal conspiracy.[2]  Timely post-verdict motions were denied, and sentences were imposed.  The appellant now contests the propriety of his convictions, asserting that his Pa.R. Crim.P. 1100 right to a speedy trial was violated.  We find no merit in appellant's contention and therefore affirm the judgment of sentence.

1.  18 Pa.C.S. § 3701.

2.  18 Pa.C.S. § 903.

■ Pa.R.Crim.P. 1100(a)(2) requires that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." The instant complaint was filed against the appellant on November 29, 1974. Although trial did not commence until September 2, 1974, well after May 28, 1975, the 180th day, the record shows that the case was listed for trial on the 180th day, but was continued until July 7, 1975, because appellant's attorney, a public defender, was not available to represent the appellant. Under Pa.R.Crim.P. 1100(d)(1), all periods of delay arising from the unavailability of the defendant's attorney must be excluded from the computation of the mandatory period.[3] The appellant, however, contends that Rule 1100(d)(1) is inapplicable to the instant situation because his attorney's absence resulted from an error on the part of the Court Administrator of Philadelphia. We find that the appellant's own admissions belie this contention.

Both parties agree to the following facts: In May of 1975, the Public Defender Association of Philadelphia and the Court Administrator of Philadelphia County were operating under an arrangement whereby the Public Defender Association would staff only certain specified courtrooms. Unfortunately, when the court below granted a Commonwealth request for a continuance on May 15, 1975, the case was listed for trial in a courtroom not staffed by the Public Defender Association. The assistant public defender assigned to represent the appellant subsequently failed to appear on May 28, 1975, when the case was next called for trial. Despite appellant's assertions to the contrary, we do not find that the Court Administrator of Philadelphia was solely culpable for the failure of appellant's counsel to appear for trial. Appellant's counsel admits that he had notice on May 15, 1975, as to which courtroom the case had

3. Pa.R.Crim.P. 1100(d)(1) prescribes that: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney."

been assigned. Appellant's counsel further admits that he knew on May 15, 1975, that the case was not assigned to a courtroom which was to be staffed by the Public Defender Association. Although no explanation is given as to why the case was not relisted for trial in a different courtroom, it is clear that appellant's counsel knew exactly when and where appellant's trial was to commence. An attorney's loyalty rests with his client, not a courtroom. We therefore hold that the period of delay from May 28, 1975, until July 7, 1975, is properly excluded from the computation of the mandatory period. We further hold that the length of the continuance granted by the lower court was not unreasonable. Our determination of the merits of this appeal, however, is not yet completed.

■ On June 5, 1975, the Commonwealth applied to the court below for an extension of time for commencement of trial. *See* Pa.R.Crim.P. 1100(c).[4] After a hearing, the court below allowed the Commonwealth until August 4, 1975, to commence trial. The appellant contends that the Commonwealth's petition was not timely filed under Pa.R.Crim.P. 1100(c) because it was filed after the expiration of the 180 day period. As we have already determined, the period of delay from May 28, 1975, until July 7, 1975, must be excluded from the computation of the prescribed period. We therefore hold that the Commonwealth's petition was timely filed.

■ The appellant next contends that the court below erred in granting the Commonwealth's petition to extend. We disagree. The Commonwealth alleged in its petition that it was unable to bring the appellant to trial within the

4. Pa.R.Crim.P. 1100(c) provides that: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

mandatory period because of several delays in trial which were beyond its control. Basically, the Commonwealth complains that the case had to be continued from February 14, 1975, until March 24, 1975, and then from March 24, 1975, until April 17, 1975, because of the unavailability of counsel for appellant's co-defendant. In *Commonwealth v. Brown*, 242 Pa.Super. 397, 364 A.2d 330 (1976), and in *Commonwealth v. Hagans*, 242 Pa.Super. 393, 364 A.2d 328 (1976), this court ruled that although a period of delay caused by counsel for a co-defendant may not normally be excluded from the computation of the prescribed period, such delay may provide sufficient grounds for an extension of time for commencement of trial.[5] Since the record supports the Commonwealth's assertion, we find that the lower court did not err by granting the Commonwealth an extension of time.

On August 4, 1975, the Commonwealth applied to the court below for a second extension of time for trial commencement, alleging that trial had to be continued on July 7, 1975, because necessary police personnel were on vacation. On August 19, 1975, the court below allowed the Commonwealth until August 25, 1975, to commence trial. We find that the lower court properly granted the Commonwealth's petition to extend. *See Commonwealth v. Devoy*, 248 Pa.Super. 353, 375 A.2d 134 (1976). The case was further continued from August 25, 1975, until September 2, 1975, because defense counsel petitioned the court below to reconsider appellant's Rule 1100 claim. Appellant does not question that he waived his rights under Rule 1100 during this period of delay. Because all periods of delay beyond the mandatory period were waived or " ' . . . either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or

---

5. The lower court excluded the delay caused by these continuances from the computation of the mandatory period on the basis that the appellant neither made a formal objection to these continuances nor moved to sever. The lower court was clearly wrong in so holding. In *Commonwealth v. Hagans, supra,* we held that a defendant may passively wait for the Commonwealth to bring his case to trial. We further held that it is the burden of the Commonwealth either to sever or seek an extension.

184

justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] . . ..'" *Commonwealth v. Shelton,* 469 Pa. 8, 14, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea,* 465 Pa. 491, 496, 350 A.2d 872, 874 (1976), we affirm the judgment of sentence.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.