380 A.2d 812

**COMMONWEALTH of Pennsylvania**

v.

**James PORTER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided Dec. 2, 1977.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

Appellant appeals from his conviction of burglary alleging that the trial court erred in denying his motion to dismiss the indictment because Pa.R.Crim.P. 1100 had been violated. We agree and, therefore reverse appellant's conviction and order that he be discharged.

On October 8, 1975, a complaint was filed against appellant charging him with burglary, theft, and receiving stolen property. Pa.R.Crim.P. 1100(a)(2) requires that "[t]rial in a court case in which a written complaint is filed . . . shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." In the present case, 180 days from the filing of the complaint would have been April 6, 1976.

Appellant was indicted on the offenses charged in November, 1975. On January 13, 1976, the lower court granted appellant's application for a drug evaluation as authorized by the Act of April 14, 1972, P.L. 233, No. 64, § 18, as amended by the Act of October 26, 1972, P.L. 1048, No. 263, § 1, 35 P.S. § 780–118. The evaluation period lasted until February 25, 1976, a total of 43 days. Prior to February 25, appellant was taken into federal custody because of a parole

violation and was incarcerated in the county prison. Sometime before April 21 he was transferred to Lewisburg Federal Prison. Appellant's case was called on February 25, but was continued until March 4, 1976, because the District Attorney had not prepared the writ necessary to have appellant removed from federal custody to Philadelphia for trial. The case was continued again on March 4 because it was not reached. Another continuance was granted on April 21 because the District Attorney failed to prepare the writ for appellant's delivery from Lewisburg. On May 25, the lower court denied appellant's motion to dismiss the indictment, ruling that Rule 1100 had not been violated. On the same day, the District Attorney filed a motion to extend the Rule to June 9, 1976. The motion was granted.

On June 9, the case was continued still another time because the District Attorney failed to prepare a writ to bring appellant to Philadelphia. At the request of the District Attorney, the trial court issued a bench warrant to secure appellant's appearance; such warrant was unnecessary. The lower court denied appellant's second motion to dismiss on the basis of Rule 1100 and extended the running of the rule to July 26, 1976. On July 26, 1976, appellant's trial began.

Although Rule 1100 requires trial to commence within 180 days of the filing of the complaint, the time period may be extended under certain circumstances. Rule 1100(d) states

(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

Furthermore, Rule 1100(c) provides that

At any time *prior to the expiration of the period for commencement of trial*, the attorney for the Common-

wealth may apply to the court for an order extending the time for commencement of trial . . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. (Emphasis added.)

The major issue in this case, as in many Rule 1100 cases, is when the time period of the Rule expired. Appellant contends that, pursuant to Rule 1100(d)(2), the only period to be excluded from the rule is the period of the drug evaluation in excess of 30 days. Therefore, according to appellant, the period was extended by 13 days, and expired on April 19, 1976. The Commonwealth argues that the 43 day evaluation period is not the type of continuance contemplated under Rule 1100(d)(2). For that reason, the appellant was unavailable to the Commonwealth for the entire 43 day period, thus extending the Rule to May 19, 1976. Furthermore, the Commonwealth argues, appellant was similarly unavailable for the 8 day period between February 25 and March 4, so the effective date for the running of Rule 1100 was May 27. Because the Commonwealth filed its petition to extend on May 25, it argues that the application was timely and, therefore, properly granted.

We do not reach the question of whether the 43 day drug evaluation period was or was not a continuance as contemplated by Rule 1100(d)(2). We find, however, that the appellant was not unavailable to the Commonwealth for the period of February 25 to March 4 and that those 8 days may not be used to extend the period of the Rule. The longest possible period of time for which the Rule may be extended is 43 days, or to May 19, 1976. The Commonwealth's application to extend the Rule was filed after that date and was untimely. Pa.R.Crim.P. 1100(c); *Commonwealth v. Shelton*, 469 Pa. 8, 13, 364 A.2d 694, 697 (1976).

■ The mere fact of appellant's being in federal custody on February 25 did not make him unavailable for trial. As the comment to Rule 1100(d)(1) states

For purposes of subparagraph (d)(1), in addition to any other circumstances precluding the availability of the de-

fendant or his attorney, the defendant should be deemed unavailable for any period of time *during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence; or during which he contested extradition, or a responding jurisdiction delayed or refused to grant extradition; or* during which the defendant was physically or mentally incompetent to proceed; or during which the defendant was absent under compulsory process requiring his appearance elsewhere in connection with other judicial proceedings. (Emphasis added.)[1]

In the instant case, appellant's whereabouts on February 25, (the county prison), if unknown to the Commonwealth, could have been determined with due diligence. Even assuming *arguendo* that the Commonwealth could not have discovered appellant's whereabouts in time to prepare a writ for his removal for the February 25th trial, the argument loses all credibility upon the Commonwealth's failure to produce a writ for the trial scheduled on April 21—eight weeks after the February 25 continuance.[2]

The Commonwealth's argument that an Agreement on Detainers takes approximately six to eight weeks to implement and, therefore, justifies a further delay in producing appellant for trial is without merit. It is true that *if*

1. While we recognize that the Comments to the Rules of Criminal Procedure are not binding as law, both our Supreme Court and this Court previously have employed the Comments in interpreting the Rules themselves. *Commonwealth v. Lamonna*, 473 Pa. 248, 254, 373 A.2d 1355, 1358 (1977); *Commonwealth v. Wharton*, 250 Pa.Super. 25, 28, 378 A.2d 434, 436 (1977).

2. The Commonwealth claims that it was unaware of appellant's incarceration in Lewisburg until April 21. In light of the Commonwealth's knowledge on February 25 that appellant was in federal custody, we are unable to understand why it could not determine his whereabouts. Although the Commonwealth's brief cites its due diligence in trying to locate appellant, we are given nothing more than this bare assertion to demonstrate that diligence. We note with displeasure that the Commonwealth's petitions for extension are precisely the form petitions we earlier found to be ". . . frustrat[ing to] the intent of Rule 1100, [and] also denigrat[ing] [to] the

the Commonwealth had followed the proper procedures for the Agreement and *if* appellant or the federal authorities had contested his transfer, the time so consumed would have been excluded from the period of Rule 1100. *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 220, 363 A.2d 1239, 1240 (1976). Here, however, the Commonwealth did not begin the proper procedures until after the Rule had expired and neither appellant nor the federal authorities contested the Commonwealth's action. The Commonwealth, then, may not use appellant's incarceration in Lewisburg as an excuse for failing to comply with Rule 1100. *Commonwealth v. Hamilton*, 449 Pa. 297, 300, 297 A.2d 127, 128–129 (1972); *Commonwealth v. McCafferty*, supra.

At the latest, the Rule 1100 time period of this case expired on May 19, 1976. The lower court erred in denying appellant's application to dismiss the indictment and in granting the Commonwealth's motion to extend the period. Therefore, we reverse appellant's conviction and order that he be discharged.

procedures prescribed therein." *Commonwealth v. Ray*, 240 Pa.Super. 33, 36, 360 A.2d 925, 927 (1976). Now as then, "[w]e have seen no petition of this form type which attempts to establish the exercise of due diligence by the Commonwealth beyond the recitation of the words themselves. As such, they are defective." *Commonwealth v. Ray*, supra at 240 Pa.Super. 36, 360 A.2d 927.