394 A.2d 1027

COMMONWEALTH of Pennsylvania

v.

Richard VICKERS, a/k/a Richard Tursi, Appellant.

Superior Court of Pennsylvania.

Submitted June 27, 1978.

Decided Nov. 22, 1978.

480

Van Weiss and George B. Ditter, Assistant Public Defenders, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

This is an appeal from appellant's conviction for violation of the Controlled Substance, Drug, Device and Cosmetic Act and for criminal conspiracy. For the reasons set forth below, appellant's conviction must be affirmed.

The record indicates that on June 8, 1976, undercover Officer Timothy Woodward of the Pennsylvania Bureau of Drug Control was introduced to appellant by another undercover agent for the Bureau of Drug Control, Agent Joseph Amato. Shortly thereafter, on June 18, 1976, Officer Wood-

ward met appellant at an apartment in Whitpain Township, Montgomery County, Pennsylvania, where appellant sold Officer Woodward ten packets of heroin in exchange for $80.00. The actual sale took place at 7:15 P.M. inside the apartment in question; while outside, an accomplice of appellant's, John McManus (a/k/a John North) waited. After the purchase, Officer Woodward left the premises and sealed the packets of heroin inside an envelope which he labeled. Later, at the police department Officer Woodward locked the envelope inside his police locker until 9:00 A.M. the next day, at which time the envelope was turned over to another agent of the Bureau, Agent Shirley Groff. Agent Groff turned the envelope over to the Philadelphia Police Crime Lab for analysis. This analysis showed that the packets bought from appellant did indeed contain heroin.

Appellant raises numerous issues in his appeal. First appellant argues that the lower court erred by not granting appellant's motion to dismiss under Pennsylvania Rule of Criminal Procedure 1100(a)(2), which requires that all criminal trial commence within 180 days from the date the complaint is filed. In the instant case, the criminal complaint was filed on October 7, 1976, but appellant's trial did not commence until April 6, 1977, 181 days from the date of the complaint. Nevertheless, appellant's argument is unsound.

Pa.R.C.P. 1100(c) allows for an extension of the time for trial if the Commonwealth files a petition in which it is shown that trial cannot commence within 180 days, despite due diligence by the Commonwealth. On March 28, 1977 such a petition was timely filed by the Commonwealth (180 days would expire as of April 5, 1977). In that petition, the Commonwealth explained that the instant case was originally called for pre-trial motions on March 14, 1977, but on that date, appellant made an unexpected motion to sever from the trial several other unrelated informations. Appellant's motion was granted and appellant was then tried on those other charges on March 15 through March 17, 1978. Due to the delay caused by appellant's requested severance, the lower court granted the Commonwealth's petition for an

482

extension of time and rescheduled the trial on the instant charges for April 6, 1977. Since the Commonwealth complied with the provisions of Rule 1100 in securing a valid extension of time this rule was not violated. Therefore, appellant's argument is without merit.

According to appellant the trial court erred when it ruled that the Commonwealth could introduce evidence of appellant's prior record. Appellant claims that it was the trial court's ruling on this matter which influenced his decision not to take the stand to testify in his own behalf. There is no merit to this contention. In *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), the Supreme Court ruled that evidence of prior convictions may be admitted when an accused chooses to testify where those convictions involved dishonesty or false statement. *Commonwealth v. Bighum*, 452 Pa. at 566, 307 A.2d 255. The *Bighum* Court, citing *Commonwealth v. Butler*, 405 Pa. 36, 47, 173 A.2d 468 (1961), explained that convictions involving *crimen falsi* may be admitted as an aid to the jury in assessing the accused's credibility as a witness, since the accused is offering himself as a person worthy of belief. In the instant case, the Commonwealth told the court and appellant that it would attempt to impeach appellant by introducing appellant's two convictions for theft and for obtaining drugs by misrepresentations or fraud, since both crimes involve *crimen falsi*. The trial court subsequently ruled that the Commonwealth could attack appellant's credibility in this manner, should appellant decide to take the stand. The trial court's ruling was without error and appellant has no grounds for complaint. See *Commonwealth v. McFadden*, 464 Pa. 265, 346 A.2d 550 (1975); *Commonwealth v. Bighum, supra.*

Appellant's contention that the trial court erred because it would not allow appellant to ask Commonwealth witnesses extensive questions concerning alleged illegal activities of the Bureau of Drug Control which were said to be under investigation by the Attorney General's office. Appellant claims that the trial court would not allow any inquiry into this area. This allegation is not accurate. Appellant delved into this line of questioning by asking

undercover Agent Amato whether he knew if a certain informant, a Daniel Josephs sold drugs "to anyone for any reason during June of 1976." The Commonwealth asked for an offer of proof as to how this matter related to appellant's case, since it was not alleged that Daniel Josephs had anything to do with this appellant's conviction. Subsequently, defense counsel explained that he had heard that the informant Daniel Josephs who lived with appellant at the time of appellant's arrest, was under investigation as were some agents of the Bureau of Drug Control, whose names counsel did not know. Defense counsel stated that he was attempting to prove that Daniel Josephs planted these illegal drugs on appellant. Once defense counsel explained his intention to the court, the trial judge permitted appellant to ask Agent Amato and other witnesses whether Daniel Josephs ever gave them drugs or if they saw Josephs give anybody drugs. No witness ever said that they saw Josephs doing this. Furthermore, appellant was permitted to call Daniel Josephs to the stand and Daniel Josephs himself denied planting heroin on appellant. Since it was not alleged that Josephs had anything to do with appellant's conviction and since none of the witnesses testified that they ever saw Josephs give drugs to anybody, and Josephs himself denied planting drugs on appellant, or on anybody else for that matter, any further inquiries into alleged improprieties of the Bureau of Drug Enforcement in other cases were irrelevant to appellant's case and were properly excluded.

Appellant argues that the trial judge erred when he permitted the Commonwealth to introduce the results of a lab analysis which showed that the packets which Officer Woodward bought from appellant contained heroin. Appellant makes the argument that the Commonwealth did not prove an unbroken chain of custody of the heroin packets. This is untrue. Officer Woodward testified that he turned the sealed and labeled envelope containing these packets over to undercover Agent Groff the very next day, June 19, 1976. Agent Groff locked this sealed envelope inside of a metal box in the trunk of her car, a box to which only she has the key. Agent Groff further testified that on June 23,

1976 she turned this envelope over to the Philadelphia Crime Lab and that she picked up the envelope, along with the lab's analysis, on July 7, 1976. Additionally, Agent Groff told the court that she had to sign a receipt at the Crime Lab when she picked up the envelope. Based upon the record, there is no reason to say that the Commonwealth did not prove a chain of custody of the evidence in question.

Also included in appellant's brief are the arguments that the lower court erred in not sustaining appellant's demurrer, that the verdict was contrary to the evidence, and that the court erred in refusing appellant's point for charge. None of these arguments have merit.

■ Appellant contends that his demurrer should have been sustained and that the verdict was contrary to the evidence because the Commonwealth failed to prove the amount of heroin appellant actually sold to undercover Agent Woodward. Appellant therefore claims that his offense might have been only a *de minimis* one and too trivial to warrant a conviction.[1] We reject this argument. The charge of selling heroin is such a serious offense that the *de minimis* rule cannot properly be applied to it.

In his argument concerning the court's refusal of appellant's points for charge, appellant simply asserts that the trial court erred by refusing these points. Appellant does not tell us wherein the error lies in this rejection. Additionally, we find that the charge given by the trial judge covered the statements of the law suggested by counsel in counsel's points for charge. Appellant says that point number nine should have been read to the jury because the judge interrupted defense counsel during his closing address to the jury, so defense counsel asked the lower court to tell the jury through point number nine that such an interruption does not mean that defense counsel did anything improper. In his brief, defense counsel implies that the District Attorney and the trial judge acted improperly when they interrupted defense counsel. The record does not support this

1. The rule regarding *de minimis* infractions can be found in the Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 312.

implication. The record does show that defense counsel had tried to argue to the jury that Daniel Josephs may have planted heroin on appellant. This type of argument was itself improper since there is nothing in the evidence at trial which supported such an allegation. The District Attorney objected to defense counsel's argument and the trial court properly instructed defense counsel to refrain from pursuing this argument. We therefore find no error in the lower court's refusal to instruct the jury regarding this interruption.[2]

Accordingly, for the above reasons we affirm appellant's conviction.

HOFFMAN, J., did not participate in the consideration or decision of this case.

**2.** It should be noted that appellant makes two additional arguments. Appellant claims that the trial court erred by excluding him from an in-camera hearing at which his co-defendant pleaded guilty to related charges and that the trial court erred by not quashing his informations because they were not signed by an officer who personally witnessed the alleged crimes. These same issues were raised by appellant in connection with his other, related appeal at journal number 998/78. Appellant's argument on these points was identical in all respects with his arguments advanced in 998/78. We have fully disposed of these two arguments in our opinion for 998/78 and we hereby incorporate those two sections of that opinion with the instant decision.