396 A.2d 777

**COMMONWEALTH of Pennsylvania**

v.

**William J. BRETT, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1978.

Decided Dec. 29, 1978.

James L. Heidecker, Jr., Allentown, for appellant.

William H. Platt, District Attorney, Allentown, for Com., appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lehigh County, Pennsylvania, Criminal Division, imposed at Indictment Nos. 842 and 843 of 1975.

The procedural history and facts relevant to the appeal are as follows:

On February 19, 1975, appellant was arrested in Coopersburg, Pennsylvania, and a complaint was filed charging him

with robbery, theft, receiving stolen property, and aggravated assault. After being held for court on all charges at the preliminary hearing, he waived arraignment and a trial date was set for April 14, 1975. On that date, the Commonwealth was granted a continuance until June 12, 1975 due to the fact that the alleged co-defendant was hospitalized and unavailable. After continuing the case a second time, the Commonwealth, on June 20, 1975, filed a timely petition for extension of time to commence trial. It was a form petition, stating that the Commonwealth had been unable to proceed to trial because of the hospitalization and unavailability of a co-defendant and nothing more as to due diligence on the part of the Commonwealth in proceeding to trial. The lower court granted the extension until Sept. 26, 1975, ex-parte, without notice to the appellant or his counsel. The order was signed without a hearing of any kind or a factual recitation in support thereof by the Commonwealth. Appellant filed a motion to dismiss under Pennsylvania Rule of Criminal Procedure 1100(f) for failure to try him within the required 180-day period, unaware of the extension granted by the court. The motion to dismiss was denied, and the case proceeded to trial resulting in a conviction on September 19, 1975.

A motion in arrest of judgment was denied and this timely appeal followed.

Appellant contends that pursuant to Rule 1100(c), a petition for extension of time must be filed with the court, a copy served upon the defendant or his attorney, and the defendant granted an opportunity to be heard at a hearing wherein the Commonwealth is required to show due diligence in proceeding to trial before the application may be granted.

Rule 1100(c) of the Pennsylvania Rules of Criminal Procedure provides:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such applica-

tion shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), our Supreme Court held that an extension of time may not be granted without a record showing: (1) the due diligence of the Commonwealth; and (2) certification that the trial is scheduled for the earliest date consistent with the court's business. However, in cases where petitions for extension were filed prior to October 8, 1976 (the date of the *Mayfield* decision), the requirement of recorded findings is relaxed although a hearing must still be held thereon. *Commonwealth v. Rambo*, 250 Pa.Super. 314, 378 A.2d 953 (1977); *Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1977); *Commonwealth v. Dorsey*, 251 Pa.Super. 228, 380 A.2d 461 (1977); *Commonwealth v. Metzger*, 249 Pa.Super. 107, 375 A.2d 781 (1977). Allegations outside those set forth in the petition will not be considered. Further, form petitions containing mere assertions of due diligence amounting to unproven facts are not cause for an extension of time and tend to frustrate the intent of Rule 1100. *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976); *Commonwealth v. Porter*, 251 Pa.Super. 346, 380 A.2d 812 (1977); *Commonwealth v. Stabler*, supra. Ordinarily, the hearing on a timely filed petition should be held prior to the expiration of the period for commencement of trial under the rule, although we have held that where the defendant is served with a copy of the petition and upon stipulation of counsel, the hearing may be held at a later time. *Commonwealth v. Lane*, 245 Pa.Super. 146, 369 A.2d 335 (1976).

Appellant, however, was never served or notified as to the filing of the petition of June 20, 1975 for extension of time to no later than September 26, 1975. No hearing was held thereon, the order for extension being summarily signed by

the trial court. Appellant was afforded no opportunity to be heard on the matter until he filed a motion to dismiss, without being aware that the order for extension had already been signed. Only then did appellant have an opportunity to be heard with regard to the due diligence issue. Additionally, the only allegation in the form petition in support of the Commonwealth's due diligence was the unavailability of the co-defendant.

In *Commonwealth v. Ray*, supra, we expressed the following dictum:

> We believe that a petition for an extension of time pursuant to Rule 1100(c) must be conscientiously prepared, timely filed with notice to the defendant, and heard by the court below within a reasonable period of time. Because the circumstances of each particular case might vary substantially, we will not reduce to a time certain the time limit within which the lower court must dispose of the Commonwealth's application. However, the lower court should make every effort to dispose of the Commonwealth's petition prior to the expiration of the prescribed period. Any delay past this period must be limited, and will possibly be subject to explanation.

In *Commonwealth v. Brown*, 242 Pa.Super. 397, 364 A.2d 330 (1976), we held that a delay caused by a co-defendant and not agreed to by a defendant, cannot be charged to a defendant under Rule 1100(d). We stated therein: "We choose not to place the burden on a defendant to sever his trial so that his trial may be commenced within the time limits of Rule 1100." However, such delay may provide sufficient grounds for an extension of time for commencement of trial. *Commonwealth v. Brown*, 251 Pa.Super. 179, 380 A.2d 436 (1977). The trial court would permit the Commonwealth to file a form petition, then supplement the written allegations therein with testimony raising other issues at a later time. Only evidence in support of allegations in the petition may be offered. *Commonwealth v. Stabler*, supra. Furthermore, although it was established that appellant's co-defendant was hospitalized, that evidence was presented during the hearing on appellant's motion to

dismiss, and not according to the requirements of Rule 1100(c).

It is to be regretted that as a result of the failure of the Commonwealth to give notice to the appellant or his counsel of the presentation of the petition of June 20, 1975, extending time for trial to no later than September 26, 1975, we are compelled to reverse the judgment of sentence and order appellant discharged.

SPAETH, J., concurs in the result.

VAN der VOORT, J., files a Dissenting Statement.

HOFFMAN, J., did not participate in the consideration or decision of this case.

VAN der VOORT, Judge, dissenting:

I would remand this case to the court below for a hearing to determine whether or not the defendant-appellant suffered any prejudice because he was not given notice of the application of the Commonwealth for an extension of time of trial. If it were determined that he was prejudiced, I would reverse and discharge the appellant. If it were found that he suffered no prejudice, I would affirm the judgment of sentence of the trial court below.