414 A.2d 707

**COMMONWEALTH of Pennsylvania**

**v.**

**Thomas BRANT, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Filed Nov. 30, 1979.

Petition for Allowance of Appeal Denied June 18, 1980.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, submitted a brief on behalf of the Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*,[1] that the lower court erred in granting the Commonwealth's two petitions for extension of time pursuant to Pa.R.Crim.P. 1100(c). We agree and, accordingly, vacate the judgment of sentence and discharge appellant.

The complaint in this case was filed on April 19, 1977. The trial did not begin until December 9, 1977, 233 days after the complaint was filed. Trial should have begun by October 17, 1977, unless the period of delay beyond 180 days was either excluded under Rule 1100(d) or properly extended by court order under Rule 1100(c). The record indicates that this case was listed for trial on June 13, 1977. On that date, the lower court granted a continuance until July 5, 1977, because the defense was not ready. On July 5, 1977, the court granted a continuance until August 9, 1977, because a Commonwealth witness was on vacation. On August 9, 1977, the Commonwealth and the defense jointly requested a continuance because witnesses were not present. The case was continued until September 26, 1977. There is no indication in the record why trial did not begin on September 26. On October 11, 1977, the Commonwealth was granted a continuance until October 26, 1977, because the arresting officer was out of the country. On October 17, 1977, the Commonwealth filed a timely petition for an extension of time under Rule 1100(c). This petition was a form petition, which merely contained the unsupported assertion that the Commonwealth was unable to try this case within the 180 day period "[d]espite due diligence." On November 3, 1977, appellant filed an answer to the Commonwealth's petition and a motion to dismiss. On November 4, 1977, the lower court held a "hearing." The full discussion at that proceeding concerning the petitions was as follows:

THE COURT: 4–19–77, initiation date; 10–17–77, normal run date. Commonwealth filed their petition on 10–17, therefore timely filed.

1. Because of our disposition of the Rule 1100 issue, we need not consider the other issues raised by appellant.

6–13 to 7–5, defense request, not ready, twenty-two days.

8–9 to 9–26, a period of forty-eight days, joint application, a period of twenty-four days.

Twenty-two and twenty-four are forty-six; thirty day credit brings you down to sixteen.

The petition is timely filed, therefore, I'll make a finding of due diligence.

The lower court granted the Commonwealth's petition and extended the time for trial until November 15, 1977. On November 15, 1977, the Commonwealth filed a second petition for extension of time. On November 16, 1977, appellant filed an answer. *See* note 2 *infra.* Following a jury trial, appellant was convicted of criminal trespass and possession of instruments of crime. The lower court denied appellant's post-trial motions and imposed sentence. This appeal followed.

█ Rule 1100(d)(2) provides:

In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

. . . . .

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

Where more than one continuance is granted to the defense, 30 days must be subtracted from the length of each continuance in determining whether any period of time is excludable under Rule 1100(d)(2). *Commonwealth v. Shields,* 247 Pa.Super. 74, 371 A.2d 1333 (1977). *See also Commonwealth v. Thomas,* 251 Pa.Super. 386, 380 A.2d 833 (1977).

█ Because the continuance obtained by the defense on June 13, 1977, was for less than 30 days, no portion of the continuance can be excluded. The continuance obtained on August 9, 1977, exceeded 30 days, and the period in excess of 30 days clearly could be excluded if the continuance were

granted to appellant alone. However, Rule 1100(d)(2) excludes "such period of delay . . . *as results from . .* any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney . . . ." (emphasis added). The August 9, 1977, continuance apparently was granted because witnesses for appellant *and* the Commonwealth did not appear for trial. Because the Commonwealth was not prepared to try the case on August 9, 1977, the delay in the proceedings caused by this continuance was not attributable to appellant. *See Commonwealth v. Morgan*, 484 Pa. 117, 123, 398 A.2d 972, 974–75 (1979) ("the concern of the Rule is the delay in the commencement of trial and section (d) seeks to prevent the Commonwealth from being accountable for those delays in the commencement of trial where they result from actions properly attributable to the defense"). Therefore, no part of the delay caused by this continuance is excludable under Rule 1100(d)(2).

■ "Under Rule 1100(c), the Commonwealth should be granted an extension of time for commencement of trial if it can demonstrate on the record that trial [can]not be commenced within the prescribed period despite its due diligence." *Commonwealth v. Brown*, 252 Pa.Super. 365, 368, 381 A.2d 961, 963 (1977). In *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979), our Supreme Court stated:

The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). . . . Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted.

*Id.*, 485 Pa. at 194, 401 A.2d at 360. Although a continuance for less than 30 days is not excludable under Rule 1100(d)(2), "defense-requested continuances may realistically obstruct diligent efforts by the Commonwealth to try an accused and

may, therefore, justify an extension under Rule 1100(c)." *Commonwealth v. Mancuso*, 247 Pa.Super. 245, 253–54, 372 A.2d 444, 448 (1977). *See also Commonwealth v. Garnett*, 258 Pa.Super. 115, 120, 392 A.2d 711, 713 (1978) ("the entire period of delay resulting from a continuance requested by the defense is a factor to be considered in determining whether the Commonwealth has exercised due diligence and is, as a result, entitled to an extension").

■ "While the unavailability of a witness may be a relevant factor in determining whether an extension should be granted, . . . '[m]ere assertions of due diligence and unproved facts, do not establish cause for an extension under Rule 1100(c).'" *Commonwealth v. Ehredt, supra,* 485 Pa. at 195, 401 A.2d at 361 (quoting *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 537, 390 A.2d 1366, 1367 (1978)). Thus, "a bare statement by the Commonwealth's attorney that several witnesses are 'unavailable,' without more, does not establish 'due diligence' . . . ." *Id.*, 485 Pa. at 195, 401 A.2d at 360–61.

■ In the instant case, at the November 4, 1977, hearing, the Commonwealth produced no evidence in support of its form petition to extend. The only possible grounds for an extension appearing on the record are the four continuances. We conclude that the Commonwealth has not met its burden of showing due diligence to justify an extension on the basis of any of the continuances. There is no evidence that either the June 13 continuance obtained by appellant or the August 9 joint continuance "obstruct[ed] diligent efforts by the Commonwealth to try [appellant]," *Commonwealth v. Mancuso, supra.* Moreover, although the absence of a Commonwealth witness *may* justify an extension under Rule 1100(c), the failure of the Commonwealth in the instant case to demonstrate its due diligence precludes the granting of an extension based on either of the continuances obtained by the Commonwealth. *See Commonwealth v. Ehredt, supra.*

Therefore, the lower court erred in granting the Commonwealth's first extension petition under Rule 1100(c).[2]

Judgment of sentence vacated and appellant discharged.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

I dissent. Here, appellant does not allege any time is properly excludable under Rule 1100(d), but rather attacks the validity of two orders of the court granting the Commonwealth's applications for extensions of time to commence trial, Rule 1100(c).[1] The first such application was

**2.** Even assuming, *arguendo*, that the Commonwealth's first extension petition was properly granted, the lower court clearly erred in granting the second extension. The Commonwealth's second petition to extend was, like the first, a form petition which merely alleged that despite its due diligence, the Commonwealth could not commence trial within the Rule 1100 period. As before, the Commonwealth stated no reason why trial could not be timely commenced and cited no facts to support its assertion of due diligence. The only justification for the extension which the record reveals was advanced by the lower court itself at the November 28 hearing on the petition to extend. After being informed that appellant was in custody on the date set for trial, the court stated that "failure to bring down *appears* to be sheriff delay and would support a finding of due diligence. . . I'm going to take the position that they [the Commonwealth] have been duly diligent." N.T. November 28, 1977 (emphasis added). Such judicial surmise as to the reason for the Commonwealth's failure to bring appellant to trial cannot serve as a substitute for the Commonwealth's affirmative duty to prove, by a preponderance of evidence, that it has met the requirements of Rule 1100(c). *Commonwealth v. Ehredt, supra*, 485 Pa. at 193, 401 A.2d at 360; *Commonwealth v. Miller*, 268 Pa.Super. 123, 407 A.2d 860 (1979).

**1.** Rule 1100(c) provides:

At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

timely filed [2] on the 180th day and appellant's answer opposing such motion followed shortly thereafter. At a hearing on the application held November 4, 1977, it was established the defense had requested two continuances, while the Commonwealth had requested one continuance due to the unavailability of witnesses. The court thus found the Commonwealth could not proceed to trial within the time required, despite due diligence, and granted an extension of time to November 15, 1977. Appellant argues and the majority agrees that the Commonwealth did not sustain its burden of proving due diligence, which it must do by a preponderance of the evidence, *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977), and that the court should not have extended the time. I disagree. It is well-settled that defense requests for continuances may obstruct efforts by the Commonwealth to try an accused and may, therefore, justify an extension under Rule 1100(c),[3] *Commonwealth v. Garnett*, 258 Pa.Super. 115, 392 A.2d 711 (1978); *Commonwealth v. Brown*, 252 Pa.Super. 365, 381 A.2d 961 (1977); *Commonwealth v. Mancuso*, 247 Pa.Super. 245, 372 A.2d 444 (1977).

In *Commonwealth v. Brightwell*, 486 Pa. 401, 406 A.2d 503 (1979), Justice Nix, writing in support of affirmance by an equally divided court, articulated the common sense rule which ought to be applied in this and in similar cases. "We know of no case," he wrote, "wherein the right to a speedy trial has been violated when the cause for the delay has been properly attributable to the defendant. To the contrary, where the defendant has deliberately caused the delay, he

2. Under Rule 1100(c), supra, an application for an extension of time must be filed "prior to the expiration of the period for commencement of trial." See, e. g. *Commonwealth v. Bass*, 260 Pa.Super. 62, 393 A.2d 1012 (1978); *Commonwealth v. Delauter*, 257 Pa.Super. 510, 390 A.2d 1354 (1978). There is no provision for the granting of an extension application nunc pro tunc. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Mancuso*, 247 Pa.Super. 266, 372 A.2d 454 (1977).

3. Both defense continuances were for periods of less than 30 days and hence none of the delay occasioned thereby is excludable under Rule 1100(d)(2). See, e. g. *Commonwealth v. Mitchum*, 259 Pa.Super. 161, 393 A.2d 767 (1978); *Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977).

has been prevented from taking advantage of his own wrong." 406 A.2d at page 505.

Similarly, the absence of a Commonwealth witness may provide the basis for an extension order. *Commonwealth v. Jenkins*, 248 Pa.Super. 300, 375 A.2d 107 (1977); *Commonwealth v. Lane*, 245 Pa.Super. 146, 369 A.2d 335 (1976). Under these facts, we find no abuse of discretion in the 29 day extension granted to the Commonwealth.

The prosecution's second request for an extension was filed November 15, 1977 and appellant's answer followed the next day. At the hearing on November 28, 1977,[4] it was established that on the day appellant's trial was listed, November 14, 1977, appellant was in custody on another charge and was "not brought down" by the sheriffs. The court found the Commonwealth had been duly diligent, but through sheriff delay, trial could not commence within the time allotted. I agree. Here the Commonwealth had done all it was required to do in order to bring appellant to trial, yet, through administrative delay it could not have foreseen, the Commonwealth's attempt to commence trial was frustrated. It is well-settled that the Commonwealth may seek an extension if pretrial delay is caused by actions beyond the control of the court system, the defendant, and the prosecution. *Commonwealth v. Metzger*, 249 Pa.Super. 107, fn. 4, 375 A.2d 781, fn. 4 (1977). This case is thus akin to those where we found a valid Rule 1100(c) extension order due to judicial or other administrative delay in bringing an accused to trial. *Commonwealth v. Cimaszewski*, 261 Pa.Super. 39, 395 A.2d 931 (1978); *Commonwealth v. Vickers*, 260 Pa.Super. 479, 394 A.2d 1027 (1978); *Commonwealth v. Alvin*, 257 Pa.Super. 290, 390 A.2d 827 (1978); *Commonwealth v. Brown*, 251 Pa.Super. 179, 380 A.2d 436 (1977); *Commonwealth v. Rambo*, 250 Pa.Super. 314, 378 A.2d 953 (1977). I

4. The official transcript of this hearing is not included in the record before us. Appellant has, however, appended a copy thereof to his brief to this Court. The Commonwealth does not dispute the accuracy of the reproduction.

would rule that the prompt trial mandate of Rule 1100 was satisfied,[5] and affirm the judgment of the court below.

**5.** Neither do I find persuasive appellant's argument that the Commonwealth's use of form petitions in the instant case requires reversal. Although we have condemned the use of form Rule 1100(c) petitions which allege due diligence without supporting facts, *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 390 A.2d 1366 (1978); *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976), we have upheld use of such petitions where they are coupled with a hearing in which the Commonwealth proves due diligence. *Commonwealth v. Myers*, 259 Pa.Super. 196, 393 A.2d 785 (1978). The present case falls squarely within *Myers*, supra.