355 A.2d 828
**COMMONWEALTH of Pennsylvania**
**v.**
**William M. HEACOCK, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 20, 1975 (J-450).

Decided March 17, 1976.

Rehearing Denied May 13, 1976.

Herbert L. Floum, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Carolyn Temin, Philadelphia, for appellee.

216

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

Appellant, William M. Heacock, was convicted by a jury of the voluntary manslaughter of Alvin Helmus and of assault and battery and aggravated assault and battery on Mrs. Marie Helmus.[1] Following denial of motions in arrest of judgment and for a new trial, concurrent prison sentences of three to ten years were imposed on each conviction. This one appeal followed.[2]

The facts which give rise to this appeal are as follows. The Heacock and Helmus families lived in the same apartment building for approximately two and one-half years and were acquainted, generally amicably, for that period. However, on January 9, 1973, an argument between Heacock, superintendent of the apartment complex, and Helmus, a tenant who had recently been censured by the apartment management for loud conduct, broke out in the Heacock apartment purportedly over Heacock's refusal to name the complaining parties and Helmus' circulating a petition to remove Heacock. Marie Helmus, as a Commonwealth witness, testified that Heacock grabbed Mr. Helmus, took a gun from under his shirt and fatally shot Helmus. Heacock then turned the weapon on Mrs. Helmus, wounding her twice. The defense, pleading self-defense, presented testimony that

1. Heacock was acquitted of assault and battery with intent to kill in the wounding of Mrs. Helmus.

2. While separate appeals should have been filed from each judgment, since both convictions arose from the one incident and the Commonwealth has entered no objection to the single appeal, we will consider the appeal as challenging both judgments. See Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 503, 17 P.S. § 211.-503 (Supp.1975–76). See also *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974); *Commonwealth v. McNeal*, 456 Pa. 394, 319 A.2d 669 (1974).

Helmus, armed with an ice pick, attacked Heacock and Heacock took a gun from a nearby closet and shot Helmus. Mrs. Helmus then took up the attack with a knife before Heacock shot her. Marie Helmus ran from the Heacock apartment and called the police.

When the police arrived, Heacock was sitting in his apartment with the gun used in the shooting on a table in front of him. The police seized the gun, which was in plain view, but, after arresting Heacock and removing all other persons from the apartment, the police conducted a warrantless search which revealed a second gun and a glove, matching the glove on decedent's hand, secreted in a closet. At the time police arrived, the decedent had one glove on and an ice pick in his hand.

A motion to suppress was filed and an evidentiary hearing ensued. Certain statements, not here relevant, and the gun used in the shootings were found to be admissible. However, the glove found in the closet was suppressed as the fruit of an illegal search. The second gun, found alongside the suppressed glove, was not specifically mentioned in the suppression order since, at the hearing, the Commonwealth asserted that it did not intend to introduce the gun at trial for any purpose and, therefore, there was no need to determine whether this gun should be suppressed.[3]

■■ Appellant asserts several assignments of error but only one requires discussion here. Inter alia, the appellant contends that the trial court erred in permitting the Commonwealth to question him, during cross-examination, concerning possession of the second gun. The Commonwealth concedes, as it must, that it was error for the assistant district attorney to, in any way, refer to the existence of the second gun. However, it argues that the error was harmless since appellant has neither shown nor alleged that he was prejudiced by the error. How-

---

**3.** Different assistant district attorneys represented the Commonwealth at trial and at the suppression hearing.

ever, it is not necessary to show prejudice when the prejudicial impact is obvious since prejudice is a factor in weighing relevancy. McCormack, *Evidence*, § 52 (2d ed. 1972). The prejudicial impact is obvious here. Substantively, this type of questioning, showing that the defendant engaged in prior, unrelated, criminal behavior for which he has neither been arrested nor convicted, has repeatedly been held by this Court to be so prejudicial to require a new trial since it serves only to paint the defendant as a disreputable character and effectively strips him of the presumption of innocence. *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Burdell*, 380 Pa. 43, 110 A.2d 193 (1955); *Commonwealth v. Petrillo*, 338 Pa. 65, 12 A.2d 317 (1940). Nor can any other ground for admitting this evidence be established. It was certainly error to initiate this questioning for purposes of impeachment as urged by the Commonwealth. *Commonwealth v. McIntyre*, 417 Pa. 415, 208 A.2d 257 (1965); *Commonwealth v. Butler*, 405 Pa. 36, 173 A.2d 468 (1961). Procedurally, the questioning concerning a second gun, correctly represented as irrelevant at the suppression hearing, infringed Heacock's right to rely on the suppression hearing proceedings and representations made to the court at that time. As stated in the comment to Pa.R. Crim.P. 323, that rule was promulgated to provide a single procedure to deal with motions to suppress and to provide finality before trial in determinations of admissibility of evidence subject to objection on constitutional grounds. Cf., *Commonwealth v. Bonser*, 215 Pa.Super. 452, 258 A.2d 675 (1969). Here, the Commonwealth, by its representation, not only failed to establish admissibility in the face of a motion to suppress, see Pa.R.Crim.P. 323(h), but also, conceded that the second gun was irrelevant to this case. The Commonwealth's subsequent attempt to question on this point unjustifiably prejudiced orderly trial procedures mandated by Rule 323, and, as such, prejudiced defendant's ability to defend himself.

■ Finally, the Commonwealth contends that by specifically objecting on the grounds of relevancy, appellant has waived any other basis for excluding this questioning and, therefore, the arguments presented here have been waived. However, whether the argument is framed in terms of traditional rules of evidence or representations by the Commonwealth at the suppression hearing, the issue is whether the questioning here is relevant to the case at bar. Therefore, objection on the grounds of relevancy was the proper objection and the issue has been preserved, in post trial motions and in this appeal, for appellate review at this time.

This case is unique in that the Commonwealth asked that certain evidence not be ruled on by a suppression court because that evidence was irrelevant and subsequently offered that evidence at trial for an inadmissible evidentiary purpose; the effect of such action was obviously prejudicial. Under these circumstances, where the error creates substantial harm and prejudice to the defendant in the eyes of the jury, the judgment below must be reversed and a new trial granted.

It is so ordered.

POMEROY, J., concurs in the result.

JONES, C. J., dissents.

NIX, J., took no part in the consideration or decision of this case.