380 A.2d 454

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Naomi ZIRKLE.**

Superior Court of Pennsylvania.

Argued March 14, 1977.

Decided Dec. 2, 1977.

Sheryl Ann Dorney, Assistant District Attorney, with her Donald L. Reihart, District Attorney, York, for Commonwealth, appellant.

Daniel W. Shoemaker, York, with him Shoemaker & Thompson, York, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

This is an appeal by the Commonwealth of an order by the court below granting the appellee's motion in arrest of judgment, discharging the appellee, and dismissing the charges against her. We reverse the order of the lower court and remand the case to the court below.

A complaint, charging the appellee with various offenses, was filed against the appellee on June 23, 1975. Under the mandate of Pa.R.Crim.P. 1100(a)(2),[1] the Commonwealth had 180 days, or until December 22, 1975, to bring the appellee to trial. On October 31, 1975, the Commonwealth filed a petition for an extension of time under Pa.R.Crim.P. 1100(c),[2] alleging, *inter alia*, that trial could not commence within the prescribed period because the trial court was unable to reach the case because of an overcrowded docket. The case had been listed for trial on October 29, 1975. On December 11, 1975, after a hearing, the court below extended the time for commencement of trial until the last week of the March, 1976, criminal term of court. The lower court predicated its order largely upon a certification by the trial

1. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2. Pa.R.Crim.P. 1100(c) provides that: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

judge that he was unable to reach the case during any of the 1975 criminal terms of court due to an overcrowded court schedule. On January 6, 1976, after an additional hearing, the lower court reaffirmed its order of December 11, 1975. On February 26, 1976, the appellee was convicted by a jury of aggravated assault.[3] Timely post-verdict motions were filed by the appellee, and on April 21, 1976, the lower court granted the appellee's motion in arrest of judgment, ruling that the prescribed period should not have been extended on the basis of the lower court's inability to hear the case.[4] We reverse this order of the lower court.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Pennsylvania Supreme Court ruled that the Commonwealth may be granted an extension of time if it is unable, despite its due diligence, to bring a defendant to trial because of delays attributable to court administration. Here, the record shows that the Commonwealth had listed the case and was ready to proceed to trial, but was prevented from so doing by the inability of the trial judge to hear the case. We therefore reverse the order of the court below and remand the case to the lower court for consideration of the appellee's motion for a new trial.

---

**3.** 18 Pa.C.S. § 2702.

**4.** In so ruling, the lower court relied upon the decision of this court in *Commonwealth v. Shelton*, 239 Pa.Super. 195, 361 A.2d 873 (1976).