395 A.2d 931

**COMMONWEALTH of Pennsylvania**

v.

**Stanley CIMASZEWSKI, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Decided Dec. 14, 1978.

George B. Ditter, Assistant Public Defender, Norristown, for appellant.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On May 2, 1976, the residence of Albert Kramer of Lower Gwynedd Township was burglarized at around 6:30 P.M. A neighbor of Mr. Kramer's, Richard G. Sullivan, heard noises in the Kramer's next-door apartment and, knowing that the Kramers were away for the weekend, Sullivan decided to investigate. When Sullivan looked into the living room window of the Kramer's apartment he saw three white males, all approximately twenty years of age. The intruders spotted Sullivan and ran towards the back door of the apartment. Sullivan ran around the building and saw the men exiting the Kramer's apartment. In fact, Sullivan almost collided with two of the men, including one later identified as appellant. The men fled into a nearby wooded area. A short time later, another neighbor, Dr. George E. McLaughlin, who lives on the other side of the wooded area, saw two males carrying a sack and running from the woods, get into a dark green Chrysler car driven by a third person. Dr. McLaughlin was able to provide the Lower Gwynedd police with a description of the auto and its license number. Subsequently, Gary Glinka was arrested on May 3, 1976 in connection with the burglary. Glinka gave a statement to the police implicating William Doll and Stanley Cimaszewski, the appellant in the instant case. Doll was arrested on May 4, 1976 after his photograph was picked by Sullivan from a photographic display. Appellant was arrested on May 8, 1976, chiefly as a result of the statement given by Glinka. The three waived the right to a jury trial and on November 29, 1976 they were found guilty of criminal conspiracy, burglary, and theft, but not guilty of receiving stolen property. Appellant filed this appeal.

The record indicates that a complaint was filed on May 4, 1976 and that appellant was arrested on May 8, 1976. The matter was first listed for trial on August 24, 1976; however, on August 23, 1976 the Commonwealth requested a continuance because two of the Commonwealth eyewitnesses were on vacation. The trial court granted the Commonwealth a two-week continuance and the case was resched-

uled for September 9, 1976. On September 9, appellant's case was not reached due to the unavailability of courtrooms and court backlog. When it became apparent that appellant's case would not be heard by October 31, 1976, the one hundred and eightieth day in appellant's case, the Commonwealth filed a petition on October 28, 1976 for an extension of time for trial, citing the unavailability of courtrooms and court backlog as the reason for the request. On November 12, 1976, after a hearing, the Commonwealth's petition for an extension of time was granted.

Appellant argues [1] that the lower court erred in granting the Commonwealth an extension of time and in denying appellant's motion to dismiss pursuant to Rule 1100 of the Pennsylvania Rules of Criminal Procedure. Appellant claims that the Commonwealth's lack of diligence is evidenced by the fact that it waited until the last moment [2] to ask for this extension and then only filed a form petition. Appellant relies on this Court's decision in *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976). In *Ray*, we expressed displeasure with the use of form petitions which merely allege judicial delay. However, in *Ray*, we did not hold that the mere use of a form petition for seeking an extension necessarily shows a lack of due diligence on the part of the Commonwealth. The legal holding in *Ray* was that the Commonwealth could not properly obtain an extension under Rule 1100 based upon judicial delay. However, the Supreme Court subsequently held that judicial delay could be a justifiable basis for an extension of time. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). In the instant case, unlike *Ray*, a hearing was held where

1. Appellant also attempts to raise several other issues including credibility of witnesses, propriety of in-court identification, and probable cause to arrest. However, review of the briefs and record clearly establishes that these issues are either waived or totally devoid of merit.

2. Appellant claims that the Commonwealth filed its petition for extension on the 180th day. This is incorrect. The Commonwealth asked the court for an extension on the 178th day. Nevertheless, we can dispose of appellant's argument on the merits.

the Commonwealth was required to establish its due diligence in attempting to bring appellant to trial. At this hearing, the court assignment clerk testified that appellant's case, along with many others, remained on the assignment board because there were not enough courtrooms. It is undisputed that the Commonwealth was ready to proceed to trial on the scheduled date of September 9, 1976, almost two months before the 180-day expiration date. However, appellant's case was not reached on that date due to the unavailability of courtrooms and court backlog. Thereafter, the Commonwealth timely requested an extension and supported its request by showing that it was ready for trial but that it was prevented from bringing appellant to trial within the Rule 1100 deadline because of judicial delay. Appellant argues that the Commonwealth should not be permitted to use judicial delay to justify the extension, alleging that the district attorney's office could have scheduled appellant's trial for an earlier date if the case had been reassigned to a different assistant district attorney. This argument is specious. This allegation ignores the crucial fact that on September 9, 1976, well before the Rule 1100 expiration deadline, the Commonwealth was ready, willing, and able to proceed to trial. In this respect, appellant's case differs significantly from *Commonwealth v. Smith,* 477 Pa. 424, 383 A.2d 1280 (1978), wherein the Commonwealth was not ready to proceed when the accused's case was called because the prosecutor assigned to the case was involved in another trial. Our disposition of this issue is in keeping with our position in *Commonwealth v. Zirkle,* 251 Pa.Super. 214, 380 A.2d 454 (1977), where we reversed the trial court's decision, in arresting judgment, that Rule 1100 was violated. There the trial court ruled that the Commonwealth should not have been granted an extension based upon an overcrowded court schedule. On appeal, we held that the Commonwealth was properly granted an extension of time for trial because "the Commonwealth had listed the case and was ready to proceed to trial, but was prevented from so doing by the inability of the trial judge to hear the case." *Commonwealth v. Zirkle,* 251 Pa.Super. at 216, 380 A.2d at 454. In the instant case,

44

the Commonwealth was prepared to go to trial on September 9, 1976, fifty three days before the expiration of the one hundred and eighty day period.

Accordingly, judgment of sentence is affirmed.

JACOBS, President Judge, concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.