396 A.2d 419

**COMMONWEALTH of Pennsylvania**

v.

**Henry WALLS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Dec. 22, 1978.

Walter M. Phillips, Jr., Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

Appellant was tried by a judge sitting without a jury and found guilty of two counts of robbery, two counts of possession of an instrument of crime, and criminal conspiracy.[1] Post verdict motions for arrest of judgment or new trial were denied. This appeal followed.

At about 10:00 a. m. on December 20, 1975, appellant and the co-defendant, one Arthur Dill, entered the Tech-Hifi store at 84th and Ogontz Avenue in Philadelphia. Both men were armed. Announcing a hold-up, they ordered two store employees and a customer to lie on the floor and bound and gagged them. They took a watch from one of the employees and a key ring containing personal and store keys from the other employee; they also took about $1,775 in cash from a desk in the store office. During this time another customer entered the store and he too was forced to lie on the floor and was bound and gagged. Appellant and Dill then began to remove stereo equipment from the display and stock rooms to an orange and white U-Haul truck, which had Maryland license plates and was parked in front of the store. When they had finished loading the truck, they locked the door of the store, using one of the keys on the key ring they had taken. One of the captives freed himself in time to see the two men drive away in the truck. The police were called.

Acting on radio information, Officers Joseph Joyce and Francis Garvin stopped an orange and white U-Haul truck

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. §§ 3701, 907, 903, respectively.

near the scene of the crime. Appellant and Dill were required to get out of the truck and were searched. A gun, the watch, and money totaling $1,776 were found. A search of the front of the truck uncovered another gun and the set of keys. The back of the truck was full of stereo equipment. Appellant and Dill were taken back to the Tech-Hifi store where they were positively identified. During this time appellant made an inculpatory statement.

A motion to suppress the identifications and appellant's statement was filed. The hearing judge refused to suppress the identifications, but when no testimony was presented concerning the statement, and after the prosecutor indicated that the Commonwealth did not intend to use the statement, the judge ordered the statement suppressed.

During trial appellant testified in his own behalf, as follows. He and Dill had come to the area earlier that morning to visit his uncle. Being unfamiliar with the area, they were unable to find his uncle's house and decided to return home by bus. When the police apprehended them, they were standing on the corner waiting for the bus. He knew nothing about the U-Haul truck, the guns, or the robbery. He had not been in the Tech-Hifi store that morning.

On cross-examination, appellant was questioned as follows:

Q. Do you remember talking to the police after you got arrested?

A. Talking to them? I remember talking to them.

Q. Do you remember giving them a statement?

A. No sir.

Q. You don't remember saying to the police the morning I found out that the Tech opened at 10 o'clock?

MR. SCHUMAN: Objection, Your Honor.

THE COURT: Sustained.

MR. SCHUMAN: I respectfully move for a mistrial.

THE COURT: Motion denied.

N.T. 121.

It has been held that "any statement of a defendant declared inadmissible for any reason by a suppression court cannot be used for the purpose of impeaching the credibility of a defendant who elects to testify on his own behalf at trial." *Commonwealth v. Triplett,* 462 Pa. 244, 249, 341 A.2d 62, 64 (1975). *See Commonwealth v. Heacock,* 467 Pa. 214, 355 A.2d 828 (1976); *Commonwealth v. Padgett,* 428 Pa. 299, 237 A.2d 209 (1968); *Commonwealth v. Smith,* 250 Pa.Super. 460, 378 A.2d 1239 (1977). Thus in *Commonwealth v. Heacock, supra,* where the Commonwealth had stated at the suppression hearing that it would not introduce a gun found at the defendant's residence but later at trial introduced the gun and attempted to impeach him with it, the Supreme Court found reversible error. In this case, however, the attempt to impeach appellant by reference to his suppressed statement was prevented because the trial judge sustained the defense's objection.

Appellant argues that once the trial judge as trier of fact became aware that there was an inadmissible statement, he was prejudiced to such an extent that appellant was denied a fair trial. However, appellant has cited no case holding that an unsuccessful attempt to enter inadmissible evidence is by itself reversible error. In fact this court has noted that the "contention that the mere asking of these questions so prejudiced [the defendant] as to require a mistrial is a strained one." *Commonwealth v. Smith, supra.* Our own review of the record discloses no evidence that the attempt to introduce the statement prejudiced appellant in the eyes of the trial judge.[2] At most the questioning

2. The Commonwealth argues that since the fact-finder in this case was a judge and not a jury there can be no grounds for a mistrial because a judge is not susceptible to the same kinds of prejudice as a jury would be. We do not accept this argument. Instead we scrutinize the facts of the individual case. *See Commonwealth v. Conti,* 236 Pa.Super. 488, 501, 345 A.2d 238, 245 (1975). *See also Commonwealth v. Badger,* 482 Pa. 240, 393 A.2d 642 (1978); *Commonwealth v. Goodman,* 454 Pa. 358, 311 A.2d 652 (1973). *See generally Commonwealth v. Green,* 464 Pa. 557, 561, 347 A.2d 682, 683 (1975); Levin & Cohen, *The Exclusionary Rules In Non-Jury Criminal Cases,* 119 U.Pa.L.Rev. 905, 917–25 (1971); Note, *Improper Evidence in Nonjury Trials: Basis for Reversal?,* 79 Harv.L.Rev. 407 (1965). In a

indicated that an inculpatory statement existed; the judge heard no prejudicial details of this statement.

 Appellant further argues that the prosecutor's attempt alone is sufficient reason to order a new trial because the attempt amounted to a breach of the prosecutor's duty as an officer of the court. It is true that the "prosecutor is a quasijudicial officer representing the Commonwealth . . [whose] duty is to seek justice, not just convictions." *Commonwealth v. Mayberry*, 479 Pa. 23, 28, 387 A.2d 815, 817 (1978); *Commonwealth v. Starks*, 479 Pa. 51, 56, 387 A.2d 829, 831 (1978); *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Collins*, 462 Pa. 495, 341 A.2d 492 (1975). Thus, where the prosecutor breaches his duty of fairness and acts in a manner that deprives the defendant of a fair trial, a mistrial should be declared. *See Commonwealth v. Mayberry, supra; Commonwealth v. Starks, supra, Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975). The prosecutor's misconduct, however, is not alone a sufficient reason to declare a mistrial; the misconduct must cause prejudice to the defendant to the extent of depriving him of a fair trial. *See Commonwealth v. Garcia*, 478 Pa. 406, 420, 387 A.2d 46, 53 (1978); *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973). Where the conduct is not prejudicial, or the prejudice is dispelled by a curative instruction, a mistrial need not be declared. *See Commonwealth v. Garcia, supra; Commonwealth v. Goosby, supra.*[3] Here we may assume that the prosecutor's allusion

case where the judge hears highly prejudicial testimony, such as a withdrawn guilty plea, he should recuse himself from sitting as fact finder or declare a mistrial if the testimony is brought to his attention in the course of the trial. *See Commonwealth v. Badger, supra,* (counsel ineffective for not requesting judge to recuse himself where judge had sat at earlier guilty plea colloquy where defendant withdrew guilty plea); *Commonwealth v. Conti, supra,* (judge should have declared mistrial where evidence presented during trial that defendant had earlier pleaded guilty to the crime).

3. Appellant has not cited the ABA Standards Relating to the Prosecution Function. Section 5.6(b) of these Standards provides in pertinent part:

to the suppressed statement was a breach of his duty. Nevertheless, it was not necessary to declare a mistrial, for as we have already discussed, the trial judge did not learn enough about the statement to result in appellant being deprived of a fair trial.

Affirmed.

PRICE, J., concurs in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.

It is unprofessional conduct for a prosecutor knowingly and for the purpose of bringing inadmissible matter to the attention of judge or jury to offer inadmissible evidence.

ABA STANDARDS, *supra*, § 5.6(b) (Approved Draft, 1971).

Cases citing this section, however, have found that a declaration of mistrial is required only when the violation of this section by the prosecution caused such prejudice to the defendant that he was denied his rights to a fair trial. *See United States v. Gullo,* 502 F.2d 759, 760–61 (3d Cir. 1974) (prosecutor's violation of section 5.6(b) ground for reversal where curative instruction too late and insufficient to overcome prejudice); *United States v. Woods,* 486 F.2d 172, 175 (8th Cir. 1973) (cross-examination although improper under section 5.6(b) not prejudicial); *People v. Giacolone,* 399 Mich. 642, 250 N.W.2d 492 (1977) (prejudicial questioning of co-defendant cause for reversal where no curative instruction).