420 A.2d 633

**COMMONWEALTH of Pennsylvania**

v.

**Alfred DILL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed June 13, 1980.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

466

Elias B. Landau, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

On December 20, 1975, at approximately 10 a. m., Clarence Cobb, an employee of Tech Hi–Fi, located at 84th and Ogontz Avenue, in Philadelphia, was waiting on a customer in the store's sound room when two strangers, later identified as the appellant, Alfred Dill, and Henry Walls, entered the store, pulled out guns, and announced a holdup. When they were informed another employee, Wade Warren, was in the store, Dill went to the restroom and ordered him, at gunpoint, to come out and join the others in the sound room. The two employees and the customer were then ordered to lie on the floor; their hands were tied and their mouths taped. Dill and Walls removed Warren's watch and Cobb's keys from their persons. Then, while Cobb and Warren watched, Dill and Walls began to remove stereo equipment from the storeroom and display room and place it into a U–Haul van parked in front of the store. During this time, another customer entered the store and was tied up. After Dill and Walls loaded the van, they locked the store door and left. Warren gained his release immediately and went to the store's front window. He saw Dill and Walls driving away in a U–Haul van with a white license plate. He then called the police.

At approximately 11 a. m. on the same day, Officers Joyce and Garvin stopped a U–Haul van with a white license plate as a result of a police radio broadcast. The officers removed

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

Dill and Walls from that van. A large amount of money was found on Dill's person, and a gun was discovered as a result of a frisk of Walls' person. Another gun was found inside the van along with many pieces of stereo equipment. Dill and Walls were taken back to the Tech Hi–Fi store where they were identified by Warren and Cobb.

In a joint non–jury trial with Walls, Dill was convicted of two counts of robbery, one count of possession of an instrument of crime–generally, one count of possession of an instrument of crime–weapon and one count of conspiracy. Post–verdict motions were denied, and sentences were imposed. Dill failed to file a timely appeal but later, in post–conviction relief proceedings, he was permitted to file an appeal "nunc pro tunc."

Dill asserts five assignments of error. He first claims the court erred in denying a demurrer to the charges of possession of an instrument of crime–generally and possession of an instrument of crime–weapon because the Commonwealth failed to present evidence of operability of the weapon in question. This issue is improperly framed because Dill did not rest following the adverse ruling but instead chose to put in a defense.[1] Nonetheless, we will consider the claim as challenging the sufficiency of the evidence to support the conviction of these offenses.[2]

The Commonwealth argues that the specific issue advanced, i. e. failure to establish operability, was not properly preserved for review because it was not raised in written post–verdict motions. However, sufficiency of the evidence was raised in post–verdict motions; therefore, the issue is properly before us.

Since no evidence of operability was presented at trial, the precise issue is whether operability must be proven to sustain convictions under 18 Pa.C.S.A. § 907. Dill was convicted under two subsections, (a) and (b), of this statute. Subsection (a) states that a person commits a misdemeanor

1. *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976).

2. *Id.*

of the first degree "if he possesses any instrument of crime with intent to employ it criminally." "Instrument of crime" is defined in subsection (c) as, inter alia, *"anything* commonly used for criminal purposes." Clearly a firearm would fit into this category without regard to its operability. Similarly, subsection (b) states a person commits a misdemeanor of the first degree "if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally." Subsection (c) defines a weapon to include a firearm which is not operable. Therefore, we conclude a showing of operability was not necessary to sustain the charges.

■ Next, Dill complains the court erred in failing to declare a mistrial when the assistant district attorney began to cross–examine Dill's co–defendant, Walls, with a post–arrest statement made by Walls which had been suppressed pretrial. In this context, Dill argues the prosecution is guilty of misconduct which deprived him of a fair trial. The record reveals this occurred during the cross–examination of Walls:

"Q. Do you remember talking to the police after you got arrested?

A. Talking to them? I remember talking to them.

Q. Do you remember giving them a statement?

A. No, sir.

Q. You don't remember saying to the police the morning I found out that the Tech opened at 10 o'clock?

Mr. Schuman: Objection, Your Honor.

The Court: Sustained.

Mr. Schuman: I respectfully move for a mistrial.

The Court: Motion denied."

The issue of the prejudicial effect of this statement with regard to Walls, who was jointly tried with Dill, was decided in *Commonwealth v. Henry Walls*, 261 Pa.Super. 321, 326–27, 396 A.2d 419, 421–422 (1978). In that case, Spaeth, J., reasoned:

"Here we may assume that the prosecutor's allusion to the suppressed statement was a breach of his duty. Never-

theless, it was not necessary to declare a mistrial, for as we have already discussed, the trial judge did not learn enough about the statement to result in appellant being deprived of a fair trial."

Since no prejudice resulted to Dill's co–defendant, a fortiori, no prejudice resulted to Dill.

Dill's third complaint is that the trial court erred in denying a pretrial motion to suppress the evidence of Warren's and Cobb's, in– and out–of–court identifications. Dill and Walls came face–to–face with the witnesses at the start of the robbery. Their faces were uncovered, and the witnesses observed them throughout the entire commission of the crimes or for approximately thirty minutes. Dill and Walls then left the scene. Thereafter, within fifteen minutes, they were apprehended, returned to the scene, and identified. At trial, both Warren and Cobb identified Dill and recounted the on–the–scene identification.

Dill now claims the on–the–scene identification was unnecessarily suggestive and the evidence of that identification should have been suppressed. He also argues that, because of this, the subsequent in–court identifications were tainted.

However, this issue has not been preserved for our review since it was not asserted in the post–verdict motions. Pa.R. Crim.P. 1123; *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

Alternatively, Dill claims, if this issue was waived, then his trial counsel was ineffective for failing to pursue it.[3] This ineffectiveness claim must be examined in accordance with the principles of *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). First, we must determine whether the waived claim is of arguable merit. Then, if that question is answered in the affirmative, the analysis shifts to a determination of whether counsel had a reasonable basis

**3.** Dill is represented by new counsel in this appeal.

which was designed to further his client's interest in foregoing the claim. Dill submits:

"the on–the–scene identification was so unnecessarily suggestive and conducive to irreparable mistaken identification as to be violative of the appellant's right to due process of law. Furthermore, the Commonwealth failed to prove by clear and convincing evidence that the witnesses' in–court identifications were untainted by the illegal out–of–court identification."

In our opinion, the out–of–court identification was not necessarily suggestive, and it follows that the in–court identification testimony could not have been tainted by it. Hence, the issue was not of arguable merit, and counsel was under no duty to pursue it.

■ An identification is inadmissible when obtained by a procedure "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to deny an accused due process. *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). See also *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The Supreme Court of the United States noted in *Wade* and *Stovall* that one–on–one confrontations between a suspect and a victim are highly suggestive and viewed with disfavor. However, testimony recounting them is not, per se, inadmissible. The one–on–one identifications most commonly held admissible involve prompt on–the–scene identifications. *United States v. Davis*, 399 F.2d 948 (2d Cir. 1968), *cert. denied*, 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 449 (1968) is an example. Indeed this issue was recently addressed in *Commonwealth v. Bullock*, 259 Pa.Super. 467, 393 A.2d 921, 923 (1978), where our Supreme Court stated:

"while one–on–one confrontations are generally condemned, those which occur soon after the commission of a crime are permissible if, indeed, not favored."

In this case, Dill was identified by the witnesses within fifteen minutes after he had fled the scene of the crime. Further, during the entire crime the witnesses had the

unrestricted opportunity to observe him.[4] Under these facts, the chance of misidentification was lessened and the identification not unduly suggestive.

■ Dill also claims error in that he was denied a preliminary hearing on one of the counts of robbery for which he was convicted. At his preliminary hearing on January 8, 1976, Dill was charged with one count each of robbery, theft, receiving stolen property, possession of an instrument of crime–generally, possession of an instrument of crime–weapon, and conspiracy. Then, on January 22, 1976, he was charged with two counts of robbery and one count each of possession of an instrument of crime–generally, possession of an instrument of crime–weapon, and conspiracy. The Commonwealth moved to trial on these later charges, and it was these charges of which Dill was convicted.

At the time of trial, defense counsel moved to quash the second charge of robbery because of the failure to conduct a preliminary hearing on that charge, and the court denied the motion for untimeliness. The ruling was correct. See Pa.R. Crim.P. 305.[5] Moreover, this assignment of error was not included in the post–verdict motions; hence, it is waived.

■ Alternatively, Dill urges his counsel was ineffective in not raising the above issue timely and in not pursuing it in the trial court post–trial. Again, the starting point for the analysis of an ineffectiveness claim is whether the claim which trial counsel is charged with not pursuing is of arguable merit.[6] Instantly, the record shows Dill was not given a preliminary hearing on the second robbery charge. Since this Court has decided that a preliminary hearing, although not constitutionally mandated, is a right to which those

4. In *Commonwealth v. Ramsey*, 259 Pa.Super. 240, 393 A.2d 806 (1978), an on–the–scene identification within fifteen minutes of a robbery was held admissible.

5. Pa.R.Crim.P. 305 requires that a motion to quash be filed at least ten days prior to trial.

6. *Commonwealth v. Hubbard*, supra.

charged with a crime are generally entitled,[7] the claim which Dill's trial counsel failed to pursue was of arguable merit. Hence, our analysis shifts to an inquiry into trial counsel's reason for not pursuing the claim. However, from the record, we cannot determine whether trial counsel had a reasonable basis for his failure to timely raise the claim. Therefore, we will remand for an evidentiary hearing as to trial counsel's reasons for waiving this claim. Cf. *Commonwealth v. Hubbard*, supra.[8]

■ Dill's final claim is that the trial court erred in granting the Commonwealth an extension of his "run date" under Pa.R.Crim.P. 1100. The complaint against Dill was filed on December 21, 1975; therefore, his mechanical "run date" was June 18, 1976. The Commonwealth filed a petition for extension under Rule 1100(c) on June 2, 1976. On June 15, 1976, the request for an extension was granted, and July 22, 1976 was designated as the new expiration date. This claim is waived however as trial counsel did not raise the issue in written post–verdict motions as required by Pa.R.Crim.P. 1123. *Commonwealth v. Blair*, supra.

■ Dill argues, if the issue is waived, trial counsel was ineffective in not preserving it for appellate review. Again the analysis as prescribed by *Commonwealth v. Hubbard*, supra, is applicable. Our first step is to determine whether the claim is of arguable merit. However, from the record before us, we cannot determine if the extension under 1100(c) was justified.[9] Therefore, on remand, we direct the trial court to inquire into this issue also.[10]

7. *Commonwealth v. Brabham*, 225 Pa.Super. 331, 309 A.2d 824 (1973).

8. The claim of ineffectiveness to be determined upon remand concerns only the robbery conviction upon which no preliminary hearing was given.

9. See *Commonwealth v. Stabler*, 251 Pa.Super. 194, 197, 380 A.2d 444 (1977).

10. The determination of this particular claim of ineffectiveness will involve the validity of all the judgments appealed from.

The judgments are vacated, and the record is remanded for further proceedings consistent with this opinion. If a new judgment of sentence is imposed, Dill may appeal.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

I dissent.

On December 20, 1975 appellant Alfred Dill and one Walls entered a Philadelphia business at 10:00 a. m. and robbed at gunpoint two employees and two customers. Soon after the crime the police stopped the vehicle occupied by Dill and Walls and found guns, a customer's stolen watch and the armed robbery cash proceeds of $1,775.00. The police took Dill and Walls back to the store where they were positively identified by the victims.

Both were convicted in a non–jury trial and sentenced. The majority concedes, as it must, the sufficiency of the evidence to support conviction of two robbery charges, possession of an instrument of crime and conspiracy.

In the present appeal, Dill acting through new counsel, claims that his trial counsel was ineffective in two respects and the majority is remanding this case back to the trial court for a hearing, and vacating the judgment of sentence. If a new judgment of sentence is imposed, Dill may again appeal.

No sound reason has been advanced by appellant for having a further hearing and I would affirm the judgment of sentence.

This case is a perfect example as to why our court has more than 4000 unresolved appeals on its docket.

The first reason for remand according to the majority is that Dill did not have a preliminary hearing on one of the robbery charges. The fact is that Dill was given a preliminary hearing on a robbery charge involving one of the four victims, Mr. Warren, who testified as to the other victims. How was the defendant possibly prejudiced when a later robbery charge was added involving a second named victim,

Mr. Cobb. It was all the same case, the same robbery, the same group of four victims and two armed robbers.

We now remand this case and use up further valuable judicial time and energy in a pointless hearing.

The second reason suggested by the majority for remand makes even less sense. An extension of time to commence trial was granted by the lower court as provided by Rule 1100(c) Pa.R.Crim.P. The appellant contends that the court erred because it did not follow the criteria set forth in *Comm. v. Mayfield*, 469 Pa. 214, 264 A.2d 1345 (1976) (October 8).

The problem is that the Rule 1100 hearing held in the instant case occurred on June 15, 1976, months before the Mayfield criteria were published.[1]

1. I would adopt the reasoning from Commonwealth's brief, Page 6. "Defendant's third claim is that the grant of an extension of time in which to try defendant, granted pursuant to Pa.R.Crim.P. 1100(c) on June 15, 1976, by the Honorable Edward J. Blake of the Court of Common Pleas of Philadelphia County, should be held invalid because the record of that hearing fails to comply with the record requirements of *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). This claim is waived, because defendant failed to raise it in written post–verdict motions or in a brief in support thereof. Pa.R.Crim.P. 1123; *Commonwealth v. Twiggs*, [, 485 Pa. 481, 402 A.2d 1374] *supra*.

Defendant, however, argues alternatively that if the claim is waived, then his counsel was ineffective for waiving it. (Brief for Appellant at 11). It is clear from the record that defendant had no meritorious Rule 1100 claim whatsoever, and so counsel was not ineffective for not preserving one. See *Commonwealth v. Hubbard, supra*, 472 Pa. at 277–279, 372 A.2d 687.

The pertinent procedural history is as follows: the complaint against defendant was issued on December 21, 1975; his mechanical rundate thus became June 18, 1976. At the first listing for trial, on March 5, 1976, the case was continued, because it was "protracted," to April 15, 1976. On April 15, the Commonwealth was ready to go to trial, but defendant was unprepared: his then–appointed counsel withdrew, new counsel was appointed, and the case was continued to May 27, 1976, for trial. On May 27, defendant's motion to suppress was litigated; at its conclusion, according to a notation signed by the suppression judge and appearing on Bill of Information No. 1664, "Upon the request of the defendant, the Court disqualifies self and case is continued to 7/22/76–R446." Since the case had been continued to a date past defendant's mechanical rundate, the Commonwealth timely filed a petition to extend under Rule 1100(c), and on June 15, 1976, Judge

There being no reasonable basis in either prong of majority's remand, there could have been *a fortiori* no ineffectiveness of trial counsel in failing to raise such matters in the lower court.[2]

I would affirm judgments of sentence.

Blake granted it and extended the rundate to July 22, 1976, the date to which the continuance had been granted. Trial commenced on that date.

The hearing in this case was held before the date *Mayfield* was decided (October 18, 1976). Consequently, the strict proof standards imposed by *Mayfield* are not applicable, and the docket entries and other notations in the certified record, may be accepted as establishing a definitive record. *Commonwealth v. Gibson*, 248 Pa.Super. 348, 375 A.2d 132 (1977). Although there is no transcript of the extension hearing in the record as certified to this Court, the record otherwise conclusively establishes the Commonwealth's entitlement to the extension it received, and so a remand to supplement the record in this pre–*Mayfield* case is not necessary. On the last five trial listings before the rundate, as early as sixty–four days before the rundate, the Commonwealth was ready to go to trial but frustrated, first, by defense counsel's withdrawal, and then by defendant's motion to suppress and request for recusal of the suppression judge. See *Commonwealth v. Cimaszewski*, 261 Pa.Super. 39, 395 A.2d 931 (1978) (due diligence established where Commonwealth was ready for trial fifty–three days before rundate but frustrated in proceeding due to circumstances beyond its control). Furthermore, the extension granted was limited in duration to the date to which the case, at its last trial listing, had been continued. Clearly, this pre–*Mayfield* extension was properly granted. Defendant's claim, therefore, is meritless.

**2.** See *Comm. v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977) at 472 Pa. 277, 278 where it is said:

"In resolving this contention we are guided by the standard set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

(C)ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests.

The initial factor which must be considered in applying this reasonable basis standard is whether the claim which post–trial counsel is charged with not pursuing had some reasonable basis. In *Maroney* we noted that 'a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized.' *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. at 605 n. 8, 235 A.2d at 353. Because counsel does not forego an alternative which offers a substantially greater potential for success

when he fails to assert a baseless claim, counsel cannot be found to have been ineffective for failing to make such an assertion."