424 A.2d 865

**COMMONWEALTH of Pennsylvania**

v.

**Jules Seth LEVENE, Appellant.**

Supreme Court of Pennsylvania.

Argued April 21, 1980.

Decided July 3, 1980.

Reargument Denied Jan. 9, 1981.

288

Charles J. Weiss, Ambler, for appellant.

Ronald T. Williamson, Asst. Dist. Atty., David McGlaughlin, Norristown, for appellee.

Before O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Jules Seth Levene, was, on November 23, 1977, convicted by a jury of voluntary manslaughter and various lesser offenses for having beaten his wife, Joan Levene, to death. Post-verdict motions were filed, argued and denied. On July 7, 1978, appellant was sentenced to a term of imprisonment of not less than two and one-half nor more than seven years. Hence this appeal.

Urged upon us now are, essentially, twenty-seven separate assignments of error. Because we find one of appellant's claims to be meritorious, it is unnecessary to address or dispose of the remainder.[1]

Appellant, by his counsel, filed a pretrial application to suppress prior criminal record. The prosecution admitted by way of answer that appellant had no prior record of convictions for *crimen falsi*. The court and prosecutor, accordingly, agreed that any prior criminal record of appellant would be inadmissible for impeachment purposes. Nevertheless, after appellant testified at trial, the prosecutor cross-examined appellant concerning four prior arrests for alcohol-related conduct. Appellant was cross-examined concerning an arrest and imposition of probation for public drunkenness in Los Angeles, California, in 1943. Appellant was cross-examined concerning an arrest for drunkenness in California in 1947. Appellant was cross-examined concerning an arrest for drunkenness in California in 1956. And finally, appellant was cross-examined concerning a 1961 arrest in Tampa, Florida, for drunkenness. Appellant argues such cross-examination, permitted over objection, was error in that: first, it constituted prosecutorial overreaching in that the district attorney had agreed there was no prior criminal record admissible for impeachment purposes; second, such prior criminal conduct, not being *crimen falsi*, was improper impeachment evidence; third, prior arrests not leading to convictions may not be used for impeachment purposes; and fourth, that the examples of prior criminality were so remote as to be inadmissible to impeach credibility.

1. Not reached are appellant's claims that the criminal informations were nullities in that they contained only facsimile signatures of the district attorney; that a criminal information failed to charge a crime; that voluntary manslaughter is not a lesser included offense of criminal homicide; that he was entitled to individual voir dire of veniremen; that he was improperly restricted to seven peremptory challenges; that there was prosecutorial misconduct in the taking of testimony and in closing argument; that photographs of the victim were improperly admitted into evidence; that improper rebuttal testimony was admitted; that the court improperly charged the jury.

The Commonwealth argues appellant's prior criminal conduct was the subject of proper cross-examination because appellant had testified that he had stopped imbibing alcohol in 1965, and that he had had no significant alcohol problem for several years prior thereto.

The Act of the Legislature in effect at the time of appellant's trial, 19 P.S. § 711, provides:

"§ 711. Examination of defendant as to other offenses.

"Hereafter any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation; unless,—

"One. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or,

"Two. He shall have testified at such trial against a co-defendant, charged with the same offense." [2]

The basic premise of our law, then, is that an accused may not be asked any question tending to show he has committed, been charged with, or been convicted of any offense other than the one for which he is on trial. Two general exceptions to this prohibition have been created by the Legislature. These exceptions, in turn, have been judicially refined by the courts.

Thus, in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), we held an accused may be impeached only by evidence of crimes involving dishonesty or false statement.

In *Commonwealth v. Jackson*, 475 Pa. 604, 381 A.2d 418 (1977), we held evidence of arrests not leading to convictions was improper impeachment evidence. Moreover, remoteness

2. Substantially re-enacted as 42 Pa.C.S.A. § 5918.

of the prior criminality is one of the considerations we have indicated must be weighed in determining the admissibility of such conduct as impeachment evidence. *Bighum, supra.*

Finally, we have held that where the prosecution agrees that certain evidence will not be used, the subsequent admission of that evidence constitutes reversible error. *Commonwealth v. Heacock*, 467 Pa. 214, 355 A.2d 828 (1976).

We conclude the prosecution's use of appellant's prior criminal conduct was reversible error in that it was improper impeachment evidence. Moreover, even if such conduct were proper impeachment evidence, the criminal episodes involved were so remote as to have been of no probative value, for whatever purpose admitted. And finally, the use of such evidence prejudiced appellant's ability to present a defense in that it was used in violation of a pretrial agreement.

Accordingly, judgment of sentence if reversed; the case is remanded for a new trial.

EAGEN, C. J., did not participate in the consideration or decision of this case.